UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PASTOR PERRY HUTCHINS et al.,

                           Plaintiffs,

                           **ORDER**
      -against-                     12-CV-5927 (JFB)(AKT)

OPAL PALMER et al.,
                           FILED
                           IN CLERK'S OFFICE
                          U.S. DISTRICT COURT E.D.N.Y.

                         ★  MAR 08 2018  ★

                     Defendants.
------------------------------------------------------------X  LONG ISLAND OFFICE
JOSEPH F. BIANCO, District Judge:

On November 30, 2012, plaintiffs Marian Hutchins and Perry Hutchins ("plaintiffs") filed a complaint in this action. (ECF No. 1.) In March 2013, plaintiffs served defendants Curtis International Express, Inc.; Express International, LLC; PASCO Community Development Foundation, Inc. ("PASCO"); Curtis Peterson; Rhema Wealth Management Corporation ("Rhema"); and Ann Scott ("defendants") with a copy of the complaint.[1] (ECF No. 8.) On January 25, 2017, plaintiffs requested a certificate of default (ECF No. 98), which the Clerk of the Court noted on April 3, 2017 (ECF No. 102). On April 21, 2017, plaintiffs moved for default judgment against defendants. (ECF No. 103.) By order dated April 24, 2017, the Court directed defendants to respond in writing within fourteen days as to why default judgment should not be entered (ECF No. 104 at 1), and on May 17, 2017, the Court granted the motion for a default judgment and referred this matter to Magistrate Judge Tomlinson for a damages calculation (ECF No. 106).

Subsequently, by letter dated May 7, 2017 and docketed on May 22, 2017 (ECF No.

---

[1] Plaintiffs initially filed their complaint against other defendants in addition to these six, but the Court has since dismissed those defendants from this action. (ECF No. 101.)

1

107), defendant Curtis Peterson opposed plaintiffs' request for a default judgment. By order dated December 12, 2017, the Court vacated the default judgment and entry of default as to defendants Curtis International Express, Inc., Express International, LLC, Curtis Peterson, and Ann Scott. (ECF No. 114.) The Court noted in this order that the "default remains in place against defendants Pasco Community Development Foundation and Rhema Wealth Management Corporation," and that "[t]he damages calculation with respect to those two defendants has already been referred to Magistrate Judge Tomlinson." (*Id.*)

On February 9, 2018, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation (the "R&R," ECF No. 115) recommending that the Court, at this time, deny plaintiffs' motion for damages pursuant to the default judgment against defendants PASCO and Rhema. (*Id.* at 2.) Magistrate Judge Tomlinson indicated in her R&R that the Court might consider permitting plaintiffs to supplement their motion for damages. (*Id.* at 12.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R, and that plaintiffs' counsel serve copy of the R&R upon defendants by overnight mail and first-class mail and file proof of such service on ECF. (*Id.* at 13.)

On February 23, 2018, plaintiffs filed their objections to the R&R, which they call their "Response to Judge Tomlinson's Report and Recommendation" ("Response to the R&R"). (ECF No. 116.) That same day, plaintiffs' counsel filed an affidavit, certifying that (1) on February 14, 2018, he caused the R&R "to be delivered to the United States Postal Service, first-class postage prepaid, and addressed to the remaining Defendants in this action," and (2) on February 23, 2018, he caused a copy of plaintiffs' objections to be served on the remaining defendants (or their counsel) in this action. (ECF No. 117.) In their Response to the R&R,

plaintiffs state that they "do not contest Judge Tomlinson's conclusion that the Declaration of Perry Hutchins . . . is alone insufficient to allow the Court to award default judgment against Pasco and Rhema."[2] (ECF No. 116 ¶ 2.) They request, however, that the Court permit them to file an amended declaration with "support for Plaintiffs' damages" on or before March 30, 2018. (*Id.* at 1.)

The Court has considered plaintiffs' Response to the R&R, along with the parties' other submissions. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and, (1) at this time, denies plaintiffs' motion for damages pursuant to the default judgment against PASCO and Rhema, but (2) permits plaintiffs to supplement their motion with proof of their damages. As plaintiffs request, the Court grants them permission to file an amended declaration proving damages by no later than March 30, 2018.

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See *Deluca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. See Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 414 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries*

---

[2] See *infra* for further discussion of plaintiffs' "conclusory assertions" in this declaration as to their damages.

3

*v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Plaintiffs' Response to the R&R

As discussed *supra*, plaintiffs "do not contest Judge Tomlinson's conclusion that the Declaration of Perry Hutchins . . . is alone insufficient to allow the Court to award default judgment against Pasco and Rhema." (ECF No. 116 ¶ 2.) They explain that they filed their declaration on April 21, 2017, and "anticipated that, in light of the continuing litigation against parties who were dismissed from this action without prejudice, the Hutchins Declaration would lead to an evidentiary hearing on Plaintiffs' damages." (*Id.*) Plaintiffs claim that the Court's December 14, 2017 order (ECF No. 114) vacating the order of default against defendants Curtis Peterson, Ann Scott, Curtis International Express, Inc., and Express International, LLC "effectively granted" plaintiffs' motion to amend (ECF No. 109) their proposed order of default judgment. (ECF No. 116 ¶ 4.) Plaintiffs state that they are, therefore, "now free to secure a monetary judgment against Rhema and Pasco without risk of the otherwise preclusive effect of a default order," and request until March 30, 2018 to file evidence in support of their damages. (ECF No. 116 ¶ 5.)

## III. Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the findings and recommendations contained in the R&R in their entirety. In the R&R, Magistrate Judge Tomlinson found that, because the Court has entered a default judgment against Rhema and PASCO, the issue of liability on the claims raised in the amended complaint "is settled, and there is nothing for this Court to address." (ECF No. 115 at 10 (citing *Greyhound Exhibitgroup, Inc. v. E.I. U.I. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)).) Magistrate Judge Tomlinson next explained that, while defendants PASCO and Rhema had conceded liability through their default, plaintiffs were still required to prove damages. Magistrate Judge Tomlinson found that plaintiffs had failed to do so. They requested damages in the amount of $162,000.00, but "have submitted virtually no evidence in support of any specific damages claimed in their motion." (ECF No. 115 at 11.) The only evidence of their damages on the record is the aforementioned declaration, which asserts that plaintiffs seek "$160,000.00 in damages, plus expenses of $10,000.00 in connection with this action, less $8,000.00, which has been recovered." (*Id.*) Magistrate Judge Tomlinson found that these "conclusory assertions, without any underlying documentation to support them" failed to meet the Second Circuit standard requiring plaintiffs to establish the amount of damages to a "reasonable certainty" in order for a Court to grant a damages award on a default judgment. (*Id.* (quoting *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014)).)

Magistrate Judge Tomlinson stated that plaintiffs were on notice of the need to provide evidentiary support for their damages claim, in light of the Court's order entering default

judgment. (ECF No. 115 at 12.) This order referred the matter to Magistrate Judge Tomlinson for a report and recommendation addressing the issue of damages, but, in doing so, stated that "plaintiff has not made evidentiary submissions in connection with the application for a default judgment." (*Id.* (quoting ECF No. 106 at 2).) Magistrate Judge Tomlinson concluded her R&R by stating that it is within the Court's discretion to decline to award damages, in light of plaintiffs' failure to submit sufficient evidence on this issue. As discussed *supra*, she recommended that the Court deny the motion for damages at this time, but left it "up to Judge Bianco to determine if Plaintiffs should be permitted to supplement their motion, assuming they are in a position to provide the required underlying documentation to meet the 'reasonable certainty' standard." (*Id.*)

The Court has considered plaintiffs' Response to the R&R, and will grant their request that the Court permit them to supplement their motion. The Court cautions plaintiffs, however, that, as discussed in Magistrate Judge Tomlinson's R&R, they must submit evidence of their damages that will satisfy the Second Circuit's "reasonable certainty" standard.

## IV. Conclusion

In light of the foregoing, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that (1) at this time, plaintiffs' motion for damages pursuant to the default judgment against defendants PASCO Community Development Foundation, Inc. and Rhema Wealth Management Corporation (ECF No. 103) is denied, but (2) plaintiffs are permitted to submit evidence of their damages, in keeping with the Court's instructions in this Order.

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on all defendants.

SO ORDERED.

Dated: March 8, 2018
Central Islip, New York

Joseph F. Bianco
United States District Judge